1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Timothy Kevin Owens,                    No. CV-19-0240-TUC-DCB (BGM)

10                        Petitioner,         **REPORT AND RECOMMENDATION**

11   v.

12   David Shinn, *et al.*

13                        Respondents.

14          Currently pending before the Court is Petitioner Timothy Kevin Owens's *pro se*

15   Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody

16   ("Petition") (Doc. 1).  Respondents have filed a Limited Answer to Petition for Writ of

17   Habeas Corpus ("Answer") (Doc. 14), and Petitioner replied (Doc. 16).  The Petition (Doc.

18   1) is ripe for adjudication.

19          Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter

20   was referred to Magistrate Judge Macdonald for Report and Recommendation.   The

21   Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   _____

           [1] Rules of Practice of the United States District Court for the District of Arizona.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

"Owens was convicted in the Superior Court of Pima County of twenty-two felonies:  illegally conducting an enterprise, conspiracy to commit unlawful possession and/or transportation of a dangerous drug for sale, six counts of possession of a dangerous drug for sale, possession of a dangerous drug, possession of a motor vehicle with an altered serial number or identification number, possession of a deadly weapon during the commission of a felony drug offense, possession of  drug paraphernalia, three counts of use of a wire communication in a drug-related transaction, attempted unlawful use of a means of transportation, first-degree burglary, kidnapping, two counts of soliciting threats and intimidation, solicitation to commit kidnapping, and solicitation to commit first-degree murder."  *Owens v. Ryan* ("*Owens I*"), No. CV-14-2443-TUC-DCB (DTF), Report & Recommendation at 1–2 (D. Ariz. May 2, 2016).  "The trial court sentenced him to various concurrent prison terms, including six terms of life imprisonment without the possibility of 'parole' for twenty-five years."  Answer (Doc. 14), *State v. Owens* ("*Owens III*"), No. 2 CA-CR 2017-0408, Mem. Decision at 42 (Ariz. Ct. App. Oct. 1, 2018) (Exh. "E").[2] Petitioner pursued a direct appeal and two rounds of post-conviction relief ("PCR") prior to filing a federal habeas petition.  *See Owens I*, R&R at 3.  In *Owens I*, Petitioner raised twenty-two (22) claims for relief.  *Id.*  The Honorable David C. Bury adopted the magistrate judge's recommendation and granted relief "on claim 14, thereby overturning the conviction and sentence on Count 7 of the state court Indictment" and denied relief on all other claims.  *Owens I*, Order at 4 (D. Ariz. June 20, 2016).  The matter was remanded to the state court for resentencing.  *Id.*

On December 7, 2017, the trial court held a re-sentencing hearing as instructed by the district court.  *State v. Owens*  ("*Owens II*"), No. CR20053547, Minute Entry (Pima Cnty. Super. Ct. Dec. 7, 2017).  The trial court vacated "the Sentence previously imposed (on February 12, 2007) as to Count Seven" and "affirm[ed] all other previously ordered

---

[2] Unless otherwise noted, page citations refer to the CM/ECF page number for ease of reference.

sentences as set forth on the February 12, 2007 Sentencing minute entry." *Id.* At the time of the re-sentencing, Petitioner filed a Rule 24.3 motion. Reply (Doc. 16), *Owens II*, Hr'g Tr. 12/4/2017 at 3:23–4:24[3]; *see also* Reply (Doc. 16), *Owens II*, Rule 24.3 Motion. On December 13, 2017, Petitioner filed his notice of appeal. *Owens III*, Docket.[4] On August 8, 2018, counsel for Petitioner filed an *Anders*[5] brief with the Arizona Court of Appeals.[6] *See* Answer (Doc. 14), *Owens III*, Appellant's Opening Br. (*Anders*) on Appeal From Denial of Rule 24.3 Mot. (Exh. "D") (Doc. 14-1). On October 1, 2018, the Arizona Court of Appeals affirmed "the trial court's order vacating Owens's life term for one count of possession of a dangerous drug for sale and its order denying his motion made pursuant to Rule 24.3." Answer (Doc. 14), Exh. "E" at 43. On July 18, 2019, the appellate court issued

---

[3] Page and line designations refer to original page numbers, not CM/ECF.

[4] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Arizona state court orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (taking judicial notice of orders and proceedings before another tribunal).

[5] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

[6] The Arizona Court of Appeals has described the procedure of filing an *Anders* brief as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. *See Scott,* 187 Ariz. at 478 n.4, 930 P.2d at 555 n.4. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per.* After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). We conclude that this procedure permits counsel to perform ethically, while simultaneously ensuring that an indigent defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected.

*State v. Clark*, 196 Ariz. 530, 537, 2 P.3d 89, 96 (Ct. App. 1999).

its mandate following denial of review by the Arizona Supreme Court.  *Id.* at 39.

On April 29, 2019, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).  Petitioner alleges three (3) grounds for relief.  In Grounds One and Two, Petitioner raises claims pursuant to *Martinez v. Ryan*[7] alleging that he received ineffective assistance of post-conviction relief counsel and this excused his failure to raise ineffective assistance of trial counsel claims regarding his trial counsel's failure to (1) object when the trial court failed to advise Petitioner that he was entitled to a bifurcated jury trial on enhancements and failed to obtain a waiver of Petitioner's right to a bifurcated jury trial; and (2) advise Petitioner that there was no "parole" in Arizona and that if Petitioner rejected the State's plea offer and proceeded to trial and lost, he would effectively receive a natural life sentence.  Petition (Doc. 1) at 8–12.  In Ground Three, Petitioner contends his Sixth and Fourteenth Amendment rights were violated when the trial court denied his motion pursuant to Rule 24.3, Arizona Rules of Criminal Procedure.  *Id.* at 13.  Petitioner claims that there are issues regarding "[w]hether an amended judg[]ment allows a new timeline to file a new 24.3 motion to challenge the other un-amended parts of the judg[]ment, including other un-amended convictions and sentences when some of the sentences are illegal"; whether the sentencing statutes are unconstitutionally vague; and whether the trial court "erroneously informed Petitioner that he would be eligible for parole after 25 years."  *Id.*

On September 13, 2019, Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus (Doc. 14) and Petitioner replied (Doc. 16).

## II.   SECOND OR SUCCESSIVE PETITION

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)."  *Burton v. Stewart*, 549 U.S.

---

[7] 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).  Under the AEDPA, "[a] petitioner must obtain leave from the Court of Appeals before filing a 'second or successive' habeas petition in the district court." *Colbert v. Hyanes*, 954 F.3d 1232, 1235 (9th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)).  The "restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340, 135 L. Ed. 2d 827 (1996).  "[T]he doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 1467, 113 L. Ed. 2d 517 (1991).

"[I]t is well settled that the phrase ["second or successive"] does not simply refe[r] to all § 2254 applications filed second or successively in time[.]" *Magwood v. Patterson*, 561 U.S. 320, 332, 130 S. Ct. 2788, 2796, 177 L. Ed. 2d 592 (2010) (quotations and citations omitted) (3d alteration in original).  "[T]he latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (quoting *Magwood*, 561 U.S. at 341–42, 130 S. Ct. at 2802).  The Ninth Circuit Court of Appeals directs that "[w]e look to the applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment." *Colbert*, 954 F.3d at 1236 (citations omitted).  In Arizona, the jurisdiction of the trial court is limited by the dictates of the remand order. *State v. Nordstrom*, 230 Ariz. 110, 116, 280 P.3d 1244, 1250 (Ariz. 2012) (trial court did not have jurisdiction on remand to consider attacks on the validity of convictions where appellate court remanded solely for resentencing); *see also State v. Clabourne*, 194 Ariz. 379, 390, 983 P.2d 748, 759 (Ariz. 1999) (setting aside noncapital convictions was error where district court remand order vacated only death sentence).

In *Owens I*, Petitioner sought federal habeas relief, raising twenty-two claims. *Owens I*, R&R at 3.  Judge Bury adopted the magistrate judge's recommendation and granted relief "on claim 14, thereby overturning the conviction and sentence on Count 7 of

the state court Indictment" and denied relief on all other claims. *Owens I*, Order 6/20/2016 at 4. The district court went on to remand the action to the state court for resentencing consistent with its Order. *Id.* On remand, the trial court vacated "the Sentence previously imposed (on February 12, 2007) as to Count Seven and "affirm[ed] all other previously ordered sentences as set forth on the February 12, 2007 Sentencing minute entry." *Owens II*, Minute Entry 12/7/2017. Petitioner argues that this re-sentencing resulted in a new judgment; however, the trial court only had jurisdiction to vacate Petitioner's sentence as to Count 7, any statements regarding the other sentences exceeded the scope of the district court's remand order and were improper. *See Clabourne*, 194 Ariz. at 390, 983 P.2d at 759.

Petitioner's argument that *Wentzell*[8] demands a different result is without merit. *Wentzell* was based upon Nevada law and an entirely new judgment was entered. *See id.* at 1125. Arizona law does not support entry of a new judgment after resentencing on a single count. *See Clabourne*, 194 Ariz. at 390, 983 P.2d at 759. Because Petitioner's Petition (Doc. 1) raises claims based on issues unrelated to Count 7, it is a second or successive habeas. Accordingly, Petitioner should have sought permission from the Ninth Circuit Court of Appeals prior to filing the instant habeas petition. 28 U.S.C. § 2244(b)(3)(A). Because he did not, the instant habeas petition should be dismissed. Alternatively, even if Petitioner's Petition (Doc. 1) is not deemed second or successive, Petitioner's claims are either procedurally defaulted without excuse or non-cognizable, and dismissal is appropriate.

## III.    STANDARD OF REVIEW

### A.    *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*."

---

[8] *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012).

28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 2854, 168 L. Ed. 2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] . . . demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).  Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect.  *Id.*, 550 U.S. at 473, 127 S. Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013).  Such a determination is

unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786–87) (alterations in original).

### B.    Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly

presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 31–33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and finding the justices' opportunity to read a lower court decision addressing the federal claims insufficient to support fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

. . .

. . .

1

### C.   *Procedural Default*

2

#### 1.  **In General**

3

"A habeas petitioner who has defaulted his federal claims in state court meets the

4

technical requirements for exhaustion; there are no state remedies any longer 'available' to

5

him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 650

6

(1991).  The Ninth Circuit Court of Appeals explained the difference between exhaustion

7

and procedural default as follows:

8

> The exhaustion doctrine applies when the state court has never been
> presented with an opportunity to consider a petitioner's claims and that
> opportunity may still be available to the petitioner under state law.  In
> contrast, the procedural default rule barring consideration of a federal claim
> applies only when a state court has been presented with the federal claim, but
> declined to reach the issue for procedural reasons, or if it is clear that the state
> court would hold the claim procedurally barred.  *Franklin v. Johnson*, 290
> F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations
> omitted).  Thus, in some circumstances, a petitioner's failure to exhaust a
> federal claim in state court may *cause* a procedural default.  *See Sandgathe
> v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975,
> 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner
> failed to exhaust state remedies and the court to which the petitioner would
> be required to present his claims in order to meet the exhaustion requirement
> would now find the claims procedurally barred.'") (quoting *Coleman v.
> Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

9

10

11

12

13

14

15

16

17

18

19

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005).  "Together, exhaustion and

20

procedural default promote federal-state comity."  *Shinn v. Jones*, — S. Ct. —, 2022 WL

21

1611786 at * 7 (2022).

22

Thus, a prisoner's habeas petition may be precluded from federal review due to

23

procedural default in two ways.  First, where a "petitioner failed to exhaust state remedies

24

and the court to which the petitioner would be required to present his claims in order to

25

meet the exhaustion requirement would now find the claims procedurally barred."

26

*Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted).   In this

27

circumstance, the federal court "must consider whether the claim could be pursued by any

28

*presently available* state remedy."  *Cassett*, 406 F.3d at 621 n.6 (quotations and citations

omitted) (emphasis in original).  Second, where the petitioner presented his claims to the state court, which denied relief based "on a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman*, 501 U.S. at 728, 111 S. Ct. at 2554.  Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, [because] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."  *Id.*  This is true whether the state law basis is substantive or procedural.  *Id.* (citations omitted).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3); *see also* Ariz. R. Crim. P. 33.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim."  *Id.*, 2002 cmt. Neither Rule 32.2, 33.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver.  *See id.*; *see also* *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at 622.

## 2. <u>Overcoming a Procedural Bar</u>

Where a habeas petitioner's claims have been procedurally defaulted, a petitioner must show cause and actual prejudice to overcome the bar on federal review.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial.").  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the

1    defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v.*
2    *Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); *see also*
3    *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer
4    any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as
5    such] there is no basis on which to address the merits of his claims.").  Actual prejudice
6    requires a habeas petitioner to "show not merely that the errors . . . created a *possibility* of
7    prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his
8    entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S. Ct.
9    at 2648 (emphasis in original) (internal quotations omitted).  Without a showing of both
10   cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain
11   review by the federal courts. *Id.*, 106 S. Ct. at 2649.
12            The Supreme Court has recognized, however, that "the cause and prejudice standard
13   will be met in those cases where review of a state prisoner's claim is necessary to correct
14   'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct.
15   2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct.
16   1558, 1572–73, 71 L. Ed. 2d 783 (1982)).  "The fundamental miscarriage of justice
17   exception is available 'only where the prisoner *supplements* his constitutional claim with a
18   colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.
19   Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*,
20   477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986)).  Thus, "'actual
21   innocence' is not itself a constitutional claim, but instead a gateway through which a habeas
22   petitioner must pass to have his otherwise barred constitutional claim considered on the
23   merits." *Herrara*, 506 U.S. at 404, 113 S. Ct. at 862.  Further, to demonstrate a fundamental
24   miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence
25   that but for the constitutional error, no reasonable factfinder would have found [him] guilty
26   of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).
27   . . .
28   . . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   ANALYSIS

### A.   Ground One

In Ground One, Petitioner asserts that he received ineffective assistance of trial counsel regarding an alleged failure "to object when the trial court failed to advise Petitioner he was entitled to a bifurcated jury trial on enhancements and then failed to get Petitioners [sic] personal, knowing, voluntary, intelligent waiver of his right to the bifurcated jury trial" in violation of Petitioner's Due Process and Fair Trial rights under the Sixth and Fourteenth Amendments.   Petition (Doc. 1) at 8 (quotations and citations omitted).   Petitioner relies on *Martinez v. Ryan*[9] to excuse any procedural default of this claim.   In his previous habeas petition, Petitioner argued that trial counsel was ineffective for not objecting to the trial court's failure to bifurcate the serious drug offenses from the other charges and that appellate counsel was ineffective for failing to raise this claim. *Owens I*, Petition at 18; *Owens I*, R & R at 46.   Petitioner asserts that he "is raising for the first time in District Court a 'Martinez' IAC of PCR Counsel as 'cause' to 'excuse' the 'default[.]'"   Reply (Doc. 16) at 2.

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition."   *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quotations and citations omitted).   "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim."   *Id.* (citations omitted).

"In *Martinez* . . . and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), [the Supreme] Court announced a narrow exception to *Coleman*'s[10] general rule."   *Davila v. Davis*, — U.S. —, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017).   "That exception treats ineffective assistance by a prisoner's state postconviction

---

[9] 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

[10] *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 2062–63. The Supreme Court observed that "[t]hese rules [under which a prisoner may establish cause to excuse a procedural default] reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez*, 566 U.S. at 13, 132 S. Ct. at 1318 (citations omitted). "In applying this standard, *Martinez* made clear that a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, *and* whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (citing *Martinez*, 132 S. Ct. at 1321).

In *Owens I* court found that Petitioner was not prejudiced by any allegedly deficient performance by either trial or appellate counsel. *Owens I*, R & R at 46. Petitioner has failed to present any cause to alter this decision. The Court finds revisiting this decision is improper and Petitioner has abused the writ. Accordingly, Count One should be dismissed.

### B.    Ground Two

In Ground Two, Petitioner alleges that he received ineffective assistance of counsel because of his trial counsel's failure to advise him that there was no "parole" in Arizona and that if Petitioner rejected the State's plea offer and proceeded to trial and lost, he would effectively receive a natural life sentence. Petition (Doc. 1) at 11. Petitioner again asserts that he is raising a *Martinez* claim for the first time as cause to excuse the procedural default of this claim. *Id.*

#### 1. Fair Presentation

As noted in Section III.B., *supra*, the fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition. *Baldwin v. Reese*, 541 U.S. 27, 31–33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). "[A] petitioner satisfies the exhaustion requirement if he properly pursues a claim (1)

throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).  In other words, "a petitioner must properly raise [a claim] on **every level** of direct review." *Id.* (emphasis added) (citing *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992)); *see also Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349 (fair presentation requires a prisoner to raise his claims "in each appropriate state court").

Furthermore, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original).  This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).  This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.*  As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").  In his Rule 32 petition, Petitioner broadly asserted that trial counsel was ineffective during plea-negotiations, but did not provide any details as to how counsel was ineffective. *See Owens I*.  As such, the Court finds "[P]etitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted); Ariz. R. Crim. P. 32.2, 33.2 (2022).  Accordingly, the Court finds Petitioner's Ground Two is procedurally defaulted. . . .

1

## 2. No Cause and Prejudice to Excuse Default

2      Where a habeas petitioner's claims have been procedurally defaulted, the federal

3 courts are prohibited from subsequent review unless the petitioner can show cause and

4 actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103

5 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred

6 federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has

7 not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S.

8 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely

9 that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and

10 substantial disadvantage, infecting his entire trial with error of constitutional dimensions")

11 (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*,

12 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally

13 defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits

14 of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence

15 that but for the constitutional error, no reasonable factfinder would have found [him] guilty

16 of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  Petitioner's citation to *Martinez*

17 does not change this analysis.

18      Petitioner directs the Court to *Viramontes v. Ryan*[11] to support the merits of his

19 claim.  Petitioner Viramontes filed an initial habeas petition and argued that the trial court

20 erred by informing him that he would be eligible for parole after twenty-five (25) years of

21 incarceration.  *See Viramontes v. Ryan*, No. CV-16-00151-TUC-RM (BPV) Report &

22 Recommendation (Dc. Ariz. May 4, 2018).  The trial court further recognized that

23 Petitioner did not learn of the actual terms of his sentence until "the Bureau of Prisons

24 changed his release date, [which] constituted newly-discovered evidence that he was

25 subject to a sentence in excess of his original sentence."  *Id.* at 17.  The evidence before

26 this Court does not suggest that Petitioner did not know that he would not be eligible for

27 anything less than a life sentence nor that his sentence was newly discovered.

28

---

[11] No. CV-16-00151-TUC-RM (BPV).

The Court finds Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted).   Accordingly, Petitioner's claim two is denied.

### C.   Ground Three

In Ground Three, Petitioner contends his Sixth and Fourteenth Amendment rights were violated when the trial court denied his motion pursuant to Rule 24.3, Arizona Rules of Criminal Procedure.  *Id.* at 13.

As discussed in Section III.A., *supra*, this Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*."  28 U.S.C. § 2254(a) (emphasis added).   Federal habeas corpus relief is not for the purpose of correcting errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).   Petitioner's claim seeks relief for an alleged misapplication of state law, and as such, it is not cognizable in federal habeas corpus.

### V.   CONCLUSION

Based upon the foregoing, the Court finds that Petitioner Timothy Kevin Owen's habeas petition should be dismissed as successive.   Furthermore, his claims are procedurally defaulted without excuse or non-cognizable and recommends that his Petition (Doc. 1) be denied.

### VI.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure,

any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Judge.  If objections are filed, the parties should use the following case number:  **CV-19-0240-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 31st day of May, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge