WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Kevin Owens,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　Respondents. | No. CV-19-00240-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On May 31, 2022, Magistrate Judge Macdonald issued a Report and Recommendation (R&R). He finds that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person In State Custody (Petition) is a second or successive habeas petition. He recommends it be dismissed for lack of subject matter jurisdiction because Petitioner failed to seek leave to file a second or successive Petition from United States Court of Appeals for the Ninth Circuit.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make

a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the parties.

The Magistrate Judge correctly notes that under the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA) "'a petitioner must obtain leave from the Court of Appeals before filing a 'second or successive' habeas petition in the district court." (R&R (Doc. 19) at 5 (quoting *Colbert v Hyanes*, 954 F.3d 1232, 1235 (9th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)). The first habeas case filed by Petitioner overturned his conviction on Count 7 of the Indictment and denied relief on all other counts. The Court remanded the action to the state court for resentencing, accordingly. On remand, the state court only vacated the sentence previously imposed on Count 7 by minute entry, and affirmed all other previously ordered sentences. The state court did not enter a new Judgment. The Court agrees with the Magistrate Judge's finding that *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir.

2012), based on Nevada law, does not demand a different result because Arizona law does not support entry of a new judgment after resentencing on a single count." (R&R (Doc. 19) at 6.) In this case, there was no judgment entered subsequent to the first habeas; without any intervening judgment, this habeas is a second or successive habeas. *Id.* at 5.

The Magistrate Judge alternatively provided recommendations regarding the merits of the Petition in the event the Court did not agree with the jurisdictional analysis in the R&R. The Court does not reach the merits of the Petition because it agrees with the recommendation to find the Petition is a second or successive Petition and, therefore, to dismiss it for lack of subject matter jurisdiction. *See* (Respondent Object. (Doc. 20) (citing *Burton v. Steward*, 549 U.S. 147, 153 (2007) (explaining if a petitioner fails to move in the appropriate appellate court for an order authorizing the district court to consider the second or successive application, the district court lacks subject matter jurisdiction to consider it). The Respondent is correct that as a matter of law this Court must dismiss the Petition for lack of subject matter jurisdiction. *Id.*

## CONCLUSION

After *de novo* review of the issues raised in parties' objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining that the district court lacks subject matter jurisdiction to consider the merits of the Petitioner's claims raised in this second or successive Petition. The Court adopts this portion of the R&R, and for the reasons stated in the R&R, the Court dismisses the Petition.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 19) is accepted and adopted as the findings of fact and conclusions of law of this Court on the issue of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED for lack of subject matter jurisdiction, and the Clerk of the Court shall close the case.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court issues a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under AEDPA, a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), which may include a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 483–84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4 (1983) (superseded by statute)).

**IT IS FURTHER ORDERED** that the Petitioner's motions for issuance of a certificate of appealability (Doc. 22) and for appointment of counsel for appeal (Doc. 23) are DENIED AS MOOT; Plaintiff may urge these motions in the appellate court.

**IT IS FURTHER ORDERED** that the Motion to Proceed In Forma Pauperis on Appeal (Doc. 24) is GRANTED.

Dated this 30th day of June, 2022.

_____
Honorable David C. Bury
United States District Judge

- 4 -